CLARENDON NATIONAL INSURANCE COMPANY, a New Jersey Corporation, Plaintiff–Appellee,

v.

FOLEY & BEZEK, LLP, a California Limited Liability Partnership, Defendant–Appellant.

Continental Casualty Company, an Illinois Corporation, Plaintiff–Appellee,

v.

Foley & Bezak, LLP, a California Limited Liability Partnership, Defendant–Appellant.

Nos. 01–56878, 02–55450.
D.C. Nos. CV–00–11641–RJK, 01–07962–RJK.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2002.*

Decided Dec. 13, 2002.

Before D.W. NELSON and T.G. NELSON, Circuit Judges, and SCHWARZER,** Senior District Judge.

## MEMORANDUM ***

Foley & Bezek (Foley) appeals from the district court's grant of summary judgment for both Continental Casualty Company (Continental) and Clarendon National Insurance Company (Clarendon). Foley contends the district court erred, arguing that there are questions of material fact with respect to (1) whether it was entitled to coverage under its malpractice policies for a claim made during the Continental policy period and first reported during the Clarendon policy period, and (2) whether the Revocation and Sanction awards as modified by the August 3, 2001, Order, were excluded from coverage under the terms of the policies. We reject both contentions and affirm.

The insurance policies issued by Continental and Clarendon were "claims made and reported" policies. Any claim for coverage had to be both made and reported within the respective policy periods. The claim against Foley was first made on June 5, 2000, during the Continental policy period, but was not reported until July 2000, after the expiration of the Continen-

tal policy. Accordingly, coverage does not exist under either policy.

Foley seeks to invoke the sixty-day extended reporting period under the Continental policy, arguing that Continental failed to give it the sixty-day notice of nonrenewal required by California law. However, the insurance agency arranging for underwriting Foley's coverage informed Foley well in advance of the sixty-day period that the Continental policy would not be renewed and was being replaced by the Clarendon policy. The extended reporting period was not available to Foley because under the terms of the policy it applied only if Foley had not obtained another policy of lawyers' professional liability insurance within sixty days of the policy's termination.

Finally, Foley argues that a question of fact exists as to whether coverage of the claim against it (assuming it to be covered under the Clarendon policy) is precluded by the exclusion for "fines, sanctions, penalties or forfeitures" and "injuries that are a consequence" of the above. The exclusion is clear, plain and conspicuous. Foley cites the August 3 Order in which the court amended its prior order in certain respects but, in doing so, the court reaffirmed the purpose of its order was to impose sanctions on Foley.

AFFIRMED.

* The panel unanimously finds this case suitable for submission without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.